IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 04-582 (JBS) |
| v. |  |
| ABCON ASSOCIATES, INC., MICHAEL ZENOBIO and THERESA ZENOBIO, | **MEMORANDUM OPINION** |
| Defendants. |  |

SIMANDLE, District Judge:

This matter comes before the court upon the motion of Defendants Abcon Associates, Inc., Michael Zenobio and Theresa Zenobio to dismiss Plaintiff, The Insurance Company of the State of Pennsylvania (the "ISOP") pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction [Docket Item No. 8]. The Court has considered the submissions of Defendants in support thereof [Docket Item No. 8 and 10] and Plaintiff's opposition thereto [Docket Item No. 9] without oral argument. The principal issue presented is whether Plaintiff ISOP's principal place of business at the time of filing this complaint is in New Jersey, as it claims, or in New York, as Defendant asserts, thereby depriving this Court of diversity jurisdiction.

**THE COURT FINDS** as follows:

1.   Plaintiff, The Insurance Company of the State of Pennsylvania ("ISOP" or "Plaintiff") is an insurance company organized and existing under the laws of the Commonwealth of Pennsylvania with places of business at 70 Pine Street, New York, New York and 2023 Route 70 West, Cherry Hill, New Jersey.

2.   Defendant Abcon Associates, Inc. ("Abcon") is a general contracting and construction company incorporated in the State of New York with a principal place of business at 45 Executive Drive, Plainview, New York.  The defendants Michael and Theresa Zenobio, (collectively, the "Zenobios") are individuals, residing at 61 South Road, Sands Point, New York (the Zenobios, together with Abcon, are the "Defendants").

3.   Plaintiff brought an indemnity action against Defendants to recover sums allegedly paid by Plaintiff under certain surety bonds related to construction projects in Dyker Heights and Bensonhurst, New York.

4.   In its Complaint, Plaintiff claims that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Specifically, Plaintiff claims that diversity jurisdiction exists because the (1) amount in controversy exceeds $75,000 and (2)

2

each Defendant is a citizen of a different state from the plaintiff (Plaintiff alleges it is incorporated in Pennsylvania and has a principal place of business in New Jersey, while Defendant Abcon is incorporated in and has its principal place of business in New York and the Zenobios are both residents of New York).

5.   After performing limited discovery, Defendant filed this motion to dismiss for lack of subject matter jurisdiction on July 25, 2005. Plaintiff filed its brief in opposition to Defendant's motion to dismiss on September 2, 2005.  Defendant filed its reply brief in support of the motion on September 7, 2005.

6.   This Court has original jurisdiction over all civil actions where the amount in controversy exceeds the sum of $75,000 and is between citizens of different states.  <u>See</u> 28 U.S.C. § 1332(a)(1).  It is insufficient that the plaintiff and one of the defendants are citizens of different states, <u>see</u> <u>Midlantic Bank v. Hansen</u>, 48 F.3d 693, 696 (3d Cir. 1995), rather, each and every defendant in the action must be a citizen of a different state from the plaintiff.  <u>See</u> <u>id</u>.  For purposes of determining if there is diversity of citizenship, a corporation is deemed to be a citizen "of any State by which it

has been incorporated <u>and</u> of the State where it has its principal place of business . . . ." <u>See</u> 28 U.S.C § 1332(c)(1) (emphasis added); <u>McLaughlin v. Arco Polymers, Inc.</u>, 721 F.2d 426, 428 (3d Cir. 1983).

7. In their motion to dismiss, Defendants challenge the jurisdiction of this Court arguing that Plaintiff has not met its burden of persuasion that complete diversity of citizenship exists between Plaintiff and all of the Defendants. The parties do not dispute that Defendants are all citizens of the State of New York.[1] Rather, Defendants argue and present evidence that Plaintiff's principal place of business is in the State of New York, rather than New Jersey, as the Plaintiff contends.

8. When subject matter jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1), the plaintiff must bear the burden of persuasion. <u>Kehr Packages, Inc v. Fidelcor</u>, 926 F.2d 1406, 1409 (3d Cir. 1991), <u>citing</u> <u>Mortensen v. First Fed. Sav. And Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977). In the Third Circuit, determining a corporate entity's principal place of business means looking for "the headquarters of day-to-day corporate activity and management." <u>Mennen v. Atlantic Mutual</u>, 147 F.3d

---

[1] As stated above, Abcon is both incorporated in and has its principal place of business in New York and the Zenobios are both residents of New York.

287, 291 (3d Cir. 1998), citing Kelly v. United States Steel Corp., 284 F.2d 850, 854 (3d Cir. 1960).

9. Plaintiff has not submitted any evidence that persuades this Court that Plaintiff's "headquarters of day-to-day of corporate activity" is located in its Cherry Hill, New Jersey address or anywhere else in the State of New Jersey. Plaintiff has failed to submit a certification, affidavit or declaration to this affect. The sole piece of evidence submitted by Plaintiff in support of its assertion that its principal place of business is in New Jersey is the listing on Plaintiff's Performance and Payment bonds stating that Plaintiff's principal place of business is its Cherry Hill, New Jersey office.[2] (Plaintiff's Br. at 3.) In light of the scarcity of evidence presented by Plaintiff, this Court finds that Plaintiff failed to meet its burden of persuasion that its principal place of business is at its Cherry Hill, New Jersey office.

---

[2] The Court finds that the Performance and Payment bonds are of limited evidentiary value in this matter as they are not at issue in the underlying action. Rather, Plaintiff brought this action against Defendants as indemnitors under a General Contract of Indemnity. (See Defendant's Br. at Ex. B.) The General Contract of Indemnity, rather than the Performance and Payment bonds, forms the basis for the action. (See Complaint ¶ 7.) Casting further doubt on Plaintiff's assertion that New Jersey is its principal place of business is the fact that Defendants have submitted Powers of Attorney and Financial Statements attached to the bonds stating that Plaintiff's "Principal Bond Office" is in New York. (See Defendant's Br. at Ex. A.)

10.  In contrast, Defendants have submitted a substantial amount of evidence suggesting that Plaintiff's principal place of business is, in fact, 70 Pine Street, New York, New York.  Such evidence includes: (1) an annual statement for the year ending December 31, 2004 filed with in the State of Pennsylvania indicating the Plaintiff's "main administrative office," mailing address, and "primary location of books and records" is in Plaintiff's Pine Street offices in New York [Defendant's Reply, Ex. C]; (2) a listing of licensed insurance carriers obtained from the New Jersey Department of Banking and Insurance listing Plaintiff's primary place of business as New York [Defendant's Reply, Ex. D]; (3) a Lexis-Nexis Corporate Affiliation Search showing Plaintiff's principal place of business as New York [Defendant's Br., Ex. B]; and (4) a legal notice on the web site of American International Group, Inc. (Plaintiff's own parent company) advising its insureds that Plaintiff's principal place of business is New York.[3]

---

[3] In support of their argument that Plaintiff's principal place of business is New York rather than New Jersey, Defendants also submitted prior pleadings made by Plaintiff in prior and unrelated matters where Plaintiff listed its address and/or place of business as its Pine Street Office in New York, New York.  Plaintiff argues that, under Mennen v. Atlantic Mutual, 147 F.3d 287 (3d Cir. 1998), pleadings filed by parties in other litigation have no evidentiary value for purposes of assessing a party's principal place of business.  Id. at 293-94.  This Court need not decide on the value (or lack thereof) of such evidence in the instant action because (1) Plaintiff has failed to provide evidence that Plaintiff's headquarters of day-to-day corporate activity is New Jersey and, in contrast, (2) Defendant has

11.    Plaintiff objects to the Court's consideration of these materials on the ground that they do no rise to the level of credible evidence. (Pl. Br. At 3.)  The Court disagrees. Plaintiff's own statement for the year in question (2004) filed with the State of Pennsylvania is admissible as a statement of a party opponent under Rule 801(d)(2)(A), Fed. R. Ev., while the listing by the New Jersey Department of Banking and Insurance is admissible under Rule 803(8)(public records and reports). Similarly, the legal notice on the Plaintiff's parent's website is likely admissible as a statement by a person authorized by ISOP to make a statement concerning the subject, within Rule 801(d)(2)(c).  Even the Lexis-Nexis information may be admissible as a market report or commercial tabulation generally relied upon by the public, within Rule 803(17).

12.    Even if Defendants had not submitted the evidence they did challenging jurisdiction, Plaintiff has not submitted any evidence, satisfying to the test and according to the relevant factors outlined in Kelly and adopted in Mennen, showing that its principal place of business is New Jersey.  Accordingly, Plaintiff has failed to meet its burden of persuading this Court

---

provided enough evidence, aside from such pleadings, to cast considerable doubt on Plaintiff's assertion that its principal place of business is New Jersey.

that it has jurisdiction in the instant action under 28 U.S.C. 1332(a)(1).[4]

## Conclusion

For the reasons set for above, Defendants' motion to dismiss for lack of diversity jurisdiction will be granted and the Complaint will be dismissed without prejudice to refiling in a court of competent jurisdiction.  The accompanying order will be entered.

| | |
|---|---|
| **October 13, 2005** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>United States District Judge |

---

[4] Indeed, the Court is hard-pressed to discern that Plaintiff's counsel had a reasonable basis for even opposing this dismissal motion, based upon the facts and admissions known to Plaintiff itself tending to establish New York as its principal place of business.  Rule 11, Fed. R. Civ. P., requires that the factual averments of a pleading signed by counsel are the product of the person's knowledge, information and belief formed after an inquiry reasonable under the circumstances as having evidentiary support.  Rule 11(b)(3), Fed. R. Civ. P.  Few facts can be more basic than a party's own principal place of business.